# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LEATHIE TOWNLEY, WIDOW OF THOMAS TOWNLEY, Claimant Below, Petitioner**

**vs.)** No. 11-0541 (BOR Appeal No. 2045041)
(Claim No. 880041248)

**WEST VIRGINIA OFFICE OF INSURANCE COMMISSIONER Commissioner Below, Respondent**

**and**

**WEST VIRGINIA DIVISION OF HIGHWAYS, Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Leathie Townley, by Wendle D. Cook, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, and the West Virginia Division of Highways, by Xueyan Z. Palmer, its attorney, each filed timely responses.

This appeal arises from the Board of Review's Final Order dated February 24, 2011, in which the Board affirmed an August 20, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's denial of dependent's benefits based on the Occupational Pneumoconiosis Board's recommendations. The Court has carefully reviewed the records, written arguments, and appendices contained in the petition, and the case is mature for consideration.

Having considered the petition and the relevant decision of the lower tribunal, the Court is of the opinion that the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court determines that there is no prejudicial error. This case does not present a new or significant question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mrs. Townley's husband, Thomas Townley, died on August 22, 2007. In 1988 Mr. Townley was awarded a permanent total disability award based on findings by the Occupational Pneumoconiosis Board ("OPB"). In the years leading up to his death, Mr. Townley was treated for respiratory problems at Boone Memorial Hospital, where he was x-rayed and primarily diagnosed with chronic obstructive pulmonary disease ("COPD"). At one visit in October of 2004, Mr. Townley's treating physician, Dr. Ron D. Stollings, diagnosed COPD exacerbation, acute purulent bronchitis, history of black lung, atrial fibrillation, and ischemic cardiomyopathy. Three weeks before his death, Mr. Townley was treated at Charleston Area Medical Center, but no treatment records from that visit other than x-rays were provided by the claimant.

Dr. Stollings and Dr. Gregory J. Fino came to opposite conclusions as to whether occupational pneumoconiosis was a material contributing factor in Mr. Townley's death. Dr. Stollings reported that Mr. Townley had "chronic atrial fibrillation [and] COPD with respiratory failure. . . . Mr. Townley also had significant . . . occupational pneumoconiosis." Dr. Stollings further stated that "[i]t is difficult to say which one had the most effect but certainly occupational pneumoconiosis had a significant role, not only in his death but in his disability prior to his death. . . ." Dr. Fino inspected the report of Dr. Stollings, the OPB reports, the death certificate, and Mr. Townley's medical records. Dr. Fino found that Mr. Townley had smoked for 16 years before quitting in 1988 and that he had died of COPD. Dr. Fino specifically found that occupational pneumoconiosis was not a material contributing factor in Mr. Townley's death.

Each of the three doctors of the OPB, Dr. Jack Kinder, Dr. Thomas M. Hayes, and Dr. Brad Henry, examined Mr. Townley's medical records to assess the cause of death. The OPB stated that the medical records were extremely limited. Each of the OPB doctors found that, not only was occupational pneumoconiosis not a material factor in Mr. Townley's death, but that the evidence did not show that he ever had it. Each doctor further found that Mr. Townley's symptoms support COPD having caused his death.

On appeal, Mrs. Townley's argument for being awarded dependent's benefits is that it was not proven that her husband was a smoker, and since he had been awarded a permanent total disability award for occupational pneumoconiosis, occupational pneumoconiosis must have been a material factor in his death. The Division of Highways responds that OPB properly found that occupational pneumoconiosis did not play a material role in the death of Mr. Townley, and that the Office of Judges and Board of Review were correct in affirming the OPB's findings. The Office of Insurance Commissioner responds that Mrs. Townley did not meet the burden of showing that OPB was clearly wrong, nor that the Office of Judges and Board of Review were clearly wrong to rely on the OPB's and Dr. Fino's findings rather than Dr. Townley's findings. We agree with the Office of the Insurance Commissioner: Mrs. Townley has not shown that the Board of Review was clearly wrong in its findings of fact and conclusions of law.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 1, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING**:
Justice Menis E. Ketchum